IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIMAEL NAVEDO, | : | No. 4:08-CV-2150 |
| Petitioner | : | |
| | : | Judge Jones |
| v. | : | |
| | : | Magistrate Judge Blewitt |
| RONNIE R. HOLT, WARDEN, | : | |
| Respondent | : | |

## **MEMORANDUM**

July 6 , 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 19) which recommends that Abimael Navedo's Petition for Writ of Habeas Corpus (Doc. 1) be denied. No objections to the R&R have been filed.[1]

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P.

---

[1] Objections were due on or before June 1, 2009. To this date, none have been filed.

72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court").

As noted above, no objections to the R&R have been filed. Because the Court agrees with the sound reasoning of the Magistrate Judge, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, the Court will not rehash the reasoning of the Magistrate Judge. Rather, we attach a copy of the R&R, as it accurately reflects our consideration and resolution of the matter. An appropriate order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIMAEL NAVEDO, | : | CIVIL ACTION NO. **4:CV-08-2150** |
| | : | |
| Petitioner | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| RONNIE R. HOLT, WARDEN, | : | |
| | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On November 28, 2008, Abimael Navedo, an inmate at the USP-Canaan, Waymart, Pennsylvania, ("USP-Canaan") filed, *pro se*, the instant action styled as an "Injunction for Relief Due to Due Process Violations." Inmate Navedo attached exhibits to his Injunction request. The Clerk of Court docketed this case as a civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* and a Motion for Appointment of Counsel. (Docs. 4 and 5).[1]

Inmate Navedo claimed that his due process rights were violated with respect to a May 8, 2008 Incident Report #1730684 (Offense Code 111, introduction of narcotics or related paraphernalia, *i.e.* possession of heroin in the C-1 housing unit) issued against him and with respect to his May 22, 2008 disciplinary hearing, in which he was found guilty. (Doc. 1, Ex. A). The sanctions imposed by the Disciplinary Hearing Officer ("DHO") as against Inmate Navedo included

---

[1] By separate Order, we denied the Motion for Appointment of Counsel of Inmate Navedo. (Doc. 9).

the disallowance of 40 days Good Conduct Time ("GCT"), as well as 60-days disciplinary segregation and 60 days forfeiture of non-vested GCT. (*Id.*). As relief, Inmate Navedo requested this Court to expunge the May 8, 2008 Incident Report and his disciplinary conviction since he claimed his due process rights were violated. (Doc. 1, p. 2).

Inmate Navedo indicated that he exhausted his BOP administrative remedies at USP-Canaan challenging his disciplinary conviction and seeking to have the Incident Report expunged, and his Ex. B appeared to substantiate that exhaustion occurred. (Doc.1, p. 2 and Ex. B).

The Court construed the filing of Inmate Navedo as a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, and not as a § 1331 civil rights action. Inmate Navedo was not challenging any of the conditions of confinement as USP-Canaan. Rather, as stated, he claimed that his due process rights were violated with respect to the issuance of the May 8, 2008 Incident Report and with respect to his disciplinary proceedings, including his DHO hearing, his conviction and the sanctions imposed. Inmate Navedo also claimed that there was insufficient evidence to support the DHO's finding of guilt. He sought expungement of his disciplinary conviction, which necessarily implied that his sanctions for lost GCT were illegal.[2]

Insofar as Inmate Navedo only alleged that he was falsely accused and convicted of possessing heroin in the prison and sought to have his disciplinary conviction expunged and his lost GCT restored, the Court found that this was not a proper § 1331 action. Rather, Inmate Navedo's due process and sufficiency of the evidence claims, which challenged his disciplinary proceedings

---

[2]As we previously noted, the only proper Respondent is Warden Holt. *See* 28 U.S.C. § 2242 and §2243. *McRae v. Holt*, Civil No. 08-0346, M.D. Pa. Thus, we have changed the name of the Respondent in the caption to read as only Warden Holt.

and alleged that the evidence did not support his guilty conviction and the sanctions imposed, had to be asserted *via* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Thus, the Court issued an Order on December 23, 2008, and found that Inmate Navedo improperly brought his claim as an Injunction action under § 1331 since the relief he sought clearly affected the length of his confinement. The Court concluded that Inmate Navedo must assert his claim attacking his disciplinary conviction in a habeas petition. (Doc. 8). *See Nelson v. Campbell*, 124 S. Ct. 2117, 2124 (2004); *Wilkinson v. Dotson*, 125 S. Ct. 1242 (2005).[3]

On January 13, 2009, Petitioner's habeas petition was served on Respondent Holt, via a Show Cause Order. (Doc. 12). On January 22, 2009, Petitioner filed a Memorandum in support of his § 2241 habeas petition. (Doc. 16). On February 2, 2009, Respondent Holt filed his Response with attached exhibits. (Doc. 17). Respondent argues that Petitioner's disciplinary proceeding did not violate the due process requirements and that the DHO relied upon sufficient evidence to support his finding that Petitioner was guilty of BOP Disciplinary Code 113, possession of narcotics in the prison. Subsequently, Petitioner filed his Affidavit in support of his habeas

---

[3] The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973). Inmate Navedo, insofar as he is attacking his disciplinary conviction and sanctions, is implicating relief that would alter the term of his confinement in prison. Thus, this action of Inmate Navedo is properly construed as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, and not as a § 1331 civil rights action. *See Muhammad v. Close*, 124 S.Ct. 1303, 1304 (2004 (Per Curiam); *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002); *Queen v. Miner*, C.A. No. 08-1049 (3d Cir. 2-29-08), slip op. P. 3, n. 2 ("A challenge ... to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the Petitioner's sentence."(citations omitted).

petition on February 12, 2009. (Doc. 18). In his Affidavit, Petitioner states that the evidence which the DHO relied upon to convict him was "frivolous and wrongfully (sic)," and he requests that he "receive all rights back as well as all his privileges." (Doc. 18, p. 2).

Thus, the habeas petition is ripe for disposition.[4]

## II. Discussion.

As mentioned, Inmate Navedo claims that he was improperly charged with possession of heroin, that he was deprived of due process during the disciplinary proceedings, and that he was convicted of this offense without sufficient evidence.[5] He seeks to have his disciplinary conviction and loss of GCT sanctions expunged. Respondent's evidence indicates that Petitioner exhausted his BOP administrative remedies. (Doc. 17-2, p. 2, ¶ 5.). Accordingly, we find that Petitioner has exhausted his administrative remedies with respect to his present due process and sufficiency of the evidence claims.

*1. Due Process Claim*

As Respondent recognizes (Doc. 17, pp. 5-6), the Supreme Court, in *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), identified the minimum procedural due process rights to be afforded a prisoner accused of misconduct which may result in loss of good conduct time, which rights are

---

[4]The undersigned has been assigned this action for a Report and Recommendation.

[5]As indicated below, Petitioner was originally charged on May 8, 2008, with BOP Disciplinary Code 111, introduction of narcotics into the prison. The DHO later amended the charged offense to BOP Disciplinary Code 113, possession of narcotics in the prison. (*See* Doc. 17-2, p. 12). We note that since Respondent has put page numbers on all of his exhibits which are found at Doc. 17-2, for purposes of clarity, we use the page numbers of the exhibits herein.

applicable in the instant case. The prisoner has (1) the right to appear before an impartial decision making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. *Wolff*, 418 U.S. at 563-67; *McRae v. Holt*, Civil No. 08-0346, M.D. Pa.; *Redding v. Holt*, 2007 WL 2155543, *6 (M.D. Pa.).

In *Redding*, the Court stated:

> The Bureau of Prisons ("BOP") has specific procedures for inmate discipline pursuant to 28 C.F.R. § 541.10, *et seq.* The regulations, in relevant part, provide:
>
> [I]f the DHO finds that the inmate has committed a prohibited act(s) other than the act(s) charged, then the DHO shall record those findings clearly and shall change the Incident Report to show only the incident and code references to charges which were proved.
>
> § 541.17(f).
>
> In *Wolff v. McDonnell*, 418 U.S. 539, 563-67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court described the constitutional due process requirements for prison disciplinary proceedings implicating the infringement of a cognizable liberty interest, such as the loss of good time credits. In relevant part, *Wolff* requires an inmate to receive at least twenty-four (24) hours notice of the alleged violations in writing. *Id.* at 564. The Court observed, "[T]he function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff*, 418 U.S. at 563-67. Additionally, the fact

finder must state in writing the evidence relied upon and the reasons for the disciplinary action. *Id.*[6]

In addition to the due process requirements set forth in *Wolff* with respect to cases involving loss of good conduct time, the Court in *Williams v. Hislop*, 2007 WL 4111427, *4 (M.D.Pa. 2007), outlined the Bureau of Prisons' inmate disciplinary procedures:

> The Bureau of Prisons' inmate disciplinary procedures are codified at 28 C.F.R. § 541, *et. seq.*, and entitled, *Inmate Discipline and Special Housing Units*. These procedures are intended to meet or exceed the due process requirements prescribed by the Supreme Court. *See Von Kahl v. Brennan*, 855 F.Supp. 1413, 1418 (M.D.Pa.1994). Pursuant to these regulations, staff shall prepare an Incident Report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. § 541.14. The incident is the referred to the UDC for an initial hearing pursuant to § 541.15. The UDC hearing is "ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident" and does not include the initial day staff learns of the incident, weekends, or holidays. *See* 28 C.F.R. § 541.15(b). ... If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing. 28 C.F.R. § 541.15. "The DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision." 28 C.F.R. § 541.17(g).

In the present case, it is clear, based on Respondent's evidence (Doc. 17-2, pp. 1-13), that the Petitioner was afforded all the rights set forth in *Wolff* and in the BOP's regulations. Petitioner was issued Incident Report No. 1730684 on May 8, 2008, charging him with BOP Disciplinary Code 111, introduction of narcotics into the prison. (Doc. 17-2, p. 4). The Incident Report was

---

[6]Respondent also notes that the BOP has expanded upon the *Wolff* requirements. (Doc. 17, p. 6, n 2).

6

given to Petitioner on May 8, 2008. Incident Report No. 1730684 stated, in part, as follows:

> On May 08, 2008, at 8:00 a.m., an SIS Investigation was conducted in which it was determined that inmate Navedo Abimael, # 16363-014, introduced narcotics (heroin) into USP Canaan, during a social visit with his wife, Gladys Acevedo-Cruz, on February 18, 2008. This conclusion was based on inmate interviews that identified inmate Navedo as being a partner in the introduction of narcotics with inmate Hubbard, Cory, #80459-038, and identified through inmate statements as possessing heroin in C-1 Unit. Furthermore, the investigation and telephone recordings of inmate Hubbard, revealed he had a partner and identified Gladys Acevedo-Cruz as the point of contact for Hubbard's wife, Paula Fernandes. Both Gladys Acevedo-Cruz and Paula Fernandes traveled to USP Canaan together and conducted social visits on February 18, 2008, with inmates Navedo and Hubbard. Inmate Hubbard utilized the inmate telephone system to plan the introduction of of narcotics, beginning with numerous monitored calls beginning on February 11, 2008, through April 2, 2008. Excerpts include a call Hubbard placed prior to their visit when he calls Paula on February 11, 2008, at 2:13 p.m., and provides the telephone number for her to contact Gladys (Navedo's wife). Hubbard calls back on February 11, 2008, at 5:00 p.m. and tells Paula that Gladys is waiting for her call. Hubbard states, "She (Gladys Acevedo-Cruz) is getting packed up. She doesn't want to get packed up, and you don't . . . it. She thinks that you don't want to take it with you or something." Paula replies, "It ain't that. You know what I mean." Hubbard replies, "It is better with the kids present." Paula Fernandes becomes very hesitant, but inmate Hubbard becomes belligerent that she is to do it. Hubbard states, "You have everything you need. Prepare before you leave. Make sure you call Gladys. She has her half."

(Id.).

The UDC reviewed the Incident Report and referred the charge against Petitioner to the DHO. (Id.). On May 13, 2008, Petitioner was provided with a Notice of Disciplinary Hearing before the DHO regarding Incident Report No. 1730684. (Id., p. 6). Also, on May 13, 2008, Petitioner was provided with a Form entitled Inmate Rights at Discipline Hearing, and he was advised of all of his rights with respect to his DHO hearing, and he signed the Form. (Id., p. 8). Thus, Petitioner was advised of all of his disciplinary hearing rights.

On May 22, 2008, Petitioner was afforded a DHO hearing, and given timely notice. Petitioner also waived his right to a staff representative. (Doc. 17-2, pp. 10-13). A written decision was issued by the DHO and the DHO's findings, complete with evidence relied on and rationale, were provided to Petitioner in a timely fashion. (*Id.*).

As indicated above, the DHO amended the charged offense from BOP Disciplinary Code 111, introduction of narcotics into the prison, to BOP Disciplinary Code 113, possession of narcotics in the prison since the DHO found Petitioner's conduct established by the evidence more appropriately met the elements of a Code 113 offense. (*See* Doc. 17-2, p. 12). The DHO then found, based on the greater weight of the evidence, that Petitioner committed BOP Disciplinary Code 113, possession of narcotics in the prison. (*Id.*). Petitioner then received the following sanctions:

> Disallowance of 40 Days Good Conduct Time
> Disciplinary Segregation 60 Days, expires 7/20/2008
> Forfeiture of Non-vested Good Conduct time 60 Days
> Loss Visiting Privileges 18 Months, expires 11/22/2009
> Visiting Restriction 18 Months, beginning 11/22/2009 (non-contact and immediate family only)
> Loss Commissary Privileges 1 Year, expires 5/22/2009.

(*Id.*, p. 13).

Petitioner was advised of his appeal rights and he was timely given a copy of the DHO's Report. (*Id.*). As stated, Petitioner did utilize his appeal rights, and he has exhausted his BOP administrative remedies regarding his disciplinary conviction. (*Id.*, p. 2).[7]

---

[7] Petitioner correctly indicates that he exhausted all of his administrative remedies. (Doc. 16, p. 3, ¶ 6.).

The only due process claim Petitioner seemingly makes is that, by the DHO amending the charged offense from Code 111 to Code 113, he was not provided with sufficient notice of the charge he would be facing at the DHO Hearing. (Doc. 16, p. 2). Petitioner states that when he received a copy of Incident Report No. 1730684, the charged offense was BOP Disciplinary Code 111, introduction of narcotics into the prison.

This Court has considered a similar claim in the *Redding* case. In *Redding*, the Court stated:

> We note the regulations governing federal prison disciplinary hearings authorize a disciplinary hearing officer to change the charges on the incident report to conform to those charges which the evidence at the hearing proves an inmate committed and record such change on the report. See 28 U.S.C. § 541.17(f). Here, the DHO determined the evidence established Petitioner committed a violation of the more serious code 108-possession of a hazardous tool (cell phone) and not the lesser offense of a code 305-possession of anything unauthorized as originally charged. The regulations permitted the DHO to make such a finding and to record the change on the incident report. See *id*.
>
> It is Petitioner's contention that because the DHO changed the offense code 305 to a code 108 offense at the hearing he did not receive notice twenty-four (24) hours prior to the hearing as required by *Wolff*. However, in *Wolff*, the United States Supreme Court explained the purpose of prior notice is two-fold: 1) to give the defending party an opportunity to marshal the facts in his defense; and 2) to clarify what the charges are, in fact. *Wolff*, 418 U.S. at 564.
>
> Here, the incident report provided to Petitioner more than twenty-four hours before his hearing contained all the necessary facts to defend a charge for the possession of a cellular telephone and money for the purpose of aiding other inmates attempting to leave the prison camp. Petitioner required no more notice to defend against a charge of either a code 305-possession of anything unauthorized as originally charged or the code 108-possession of a hazardous tool (cell phone) of which Petitioner was ultimately found guilty. The factual nature of the alleged prohibited conduct in the incident report was the same. We agree with the Magistrate Judge's determination Petitioner had adequate notice pursuant to *Wolff*.

9

2007 WL 2155543, *6-*7.[8]

Thus, in the present case, the DHO was authorized to amend the charged offense from Code 111 to Code 113 since Petitioner's conduct proven by the evidence was more similar to the elements of the latter offense. Also, as in Redding, Incident Report No. 1730684 contained all the necessary facts to allow Petitioner Navedo to defend against a Code 113 offense, and the factual nature of the originally charged offense was the same for the offense Petitioner was convicted.

Based on these guidelines set forth by the Supreme Court set forth in the holding of Wolff, it is clear there was no violation of Petitioner's due process rights with respect to the disciplinary proceedings and DHO hearing. Therefore, we find no merit to Petitioner's due process claim.

Next, we consider Petitioner's sufficiency of the evidence claim.

2. *Sufficiency of the Evidence Claim*

In his Memorandum, Petitioner states that the only relation he and inmate Hubbard had was that their wives lived near each other and their wives agreed to travel together to the prison to share on costs. (Doc. 16, pp. 2-3). Petitioner states that he "had nothing to do with any allegation of any Narcotics coming into the [prison]." (*Id.*, p. 3). Petitioner seeks the Court to order Respondent Holt to "expunge [Incident Report No. 1730684] from his [prison] folder" and "to have all sanction[s] removed and restored to normal status." (*Id.*).

In his Habeas Petition (Doc. 1, p. 2), Petitioner states that the only phone call at issue involved a conversation about car pooling and the splitting of costs between his wife and inmate

---

[8]The undersigned was assigned the Redding case for a report and recommendation.

Hubbard's wife. He states that the phone call had nothing to do with conspiring to bring narcotics into the prison, and that the phone call does not support the offense charged in Incident Report No. 1730684.

Petitioner also contends that about one month after the visits of his wife and inmate Hubbard's wife, he was taken to administrative segregation without any information, and asked by a prison staff Special Investigator if he would sign a statement against inmate Hubbard. Petitioner states that he was advised if he signed the statement, no incident report would be issued against him. Petitioner seemingly did not sign the statement, and on May 8, 2008, he states that he was given Incident Report No. 1730684 charging him with the Code 111 offense. (*Id.*, p. 2).

In his Affidavit, Petitioner avers, in part, as follows:

> 3.  Petitioner sworn that his co-defendant did not know Petitioner last name, only by Petitioner nick name only.
>
> 4.  Petitioner name was not mention in any telephone conversation when his co-defendant was talking to his wife.
>
> 5.  When the D.H.O. was asking questions about what occurred, they never ask petitioner did he needed interpreter (sic) for the interview.
>
> 6.  Mr. Abimael Navedo, never had anything to do with what occurred inside the institutional. Mr. Navedo concern was about his wife (Mrs. Gladys Acevedo-Cruz) coming to see him and her safety.

(Doc. 18, p. 1, ¶'s 3.-6.).

The *Redding* Court stated:

> In *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), the United States Supreme Court held the standard of evidence required to comport with due process in prison disciplinary hearings is whether there is "some evidence" in the record to sustain a

11

> finding that the inmate committed the alleged offense. The Supreme Court in *Hill* explained the some evidence" standard as follows:
>
>> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.
>
> *Id.* at 455-56.

2007 WL 2155543, *4-*5.

"Ascertaining whether this [some evidence] standard is satisfied does not require exhaustion of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455, 456. (Citations omitted). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of the prison administrators that have some basis in fact." *Id.* at 456.

Prior to the DHO hearing, Petitioner was advised of his rights. Petitioner gave a statement before the DHO and he called inmate Hubbard as his witness, who testified outside of the hearing for security reasons. (Doc. 17-2, pp. 10-11). During the course of the disciplinary hearing, the DHO changed offense Code 111 to Code 113. The DHO relied upon the written Incident Report and SIS investigation, as well as the supporting evidence, *i.e.*, the recorded phone conversations of inmate Hubbard. (*Id.*, p. 12). The DHO found that Petitioner was responsible for possessing heroin in C-1 housing unit at the prison based on the evidence as discussed above. Further, the DHO gave little weight to the testimony of Petitioner and inmate Hubbard, and afforded greater

weight to the investigative findings which the DHO stated were corroborated by the fact that Petitioner possessed heroin in C-1 housing unit. (*Id.*).

We find Petitioner's unspecific argument that there was insufficient evidence to support the DHO's finding of guilt, based on the undisputed facts identified by the DHO, to be completely baseless. Petitioner's conduct as charged, as well as the SIS investigation, were the bases of the DHO's findings, and his findings were clearly substantiated by the evidence. (*Id.*).

Therefore, we find no merit to the argument of Petitioner that there was insufficient evidence to find him guilty of the Code 113 offense. We find that there was sufficient evidence for the DHO's determination that the Petitioner engaged in the charged offense.

## III. Recommendation.

Based upon the foregoing, we respectfully recommend that Petitioner Navedo's Petition for Writ of Habeas Corpus be denied. We also recommend that this case be closed.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: May 12, 2009